NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200138-U

NO. 4-20-0138

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 6, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| ASHLEY SUNDEEN, | ) | No. 14CF1617 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding the trial court did not err in summarily
dismissing defendant's postconviction petition.

¶ 2     Defendant, Ashley Sundeen, appeals from the trial court's summary dismissal of

her petition for postconviction relief. On appeal, defendant argues the court erred because she

presented the gist of a claim her counsel was ineffective for failing to "investigate, obtain, and

provide" the court with certain mitigating evidence at her sentencing hearing. We affirm.

¶ 3                              I. BACKGROUND

¶ 4     In December 2014, the State charged defendant with aggravated battery of a child,

a Class X felony (720 ILCS 5/12-3.05(b)(1), (h) (West 2014)), alleging she "repeatedly struck

[C.O.] with her fist, causing injuries including subgaleal hematoma and extensive bruising and

swelling to the head and face of [C.O.]" C.O. was two years old at the time of the alleged battery. In December 2015, defendant pleaded guilty in exchange for the State's promise to cap its sentencing recommendation at 12 years' imprisonment.

¶ 5    On February 4, 2016, the trial court conducted a sentencing hearing. Holly Fleming, the victim's mother, testified for the State. Fleming described the long-term health consequences, such as anemia, and the emotional trauma C.O. experienced as a result of the assault. The State also introduced exhibits showing the bruising and swelling on C.O.'s face and body. Defendant called six friends and family members to testify on her behalf. Defendant's witnesses detailed the years of domestic abuse she had suffered. The witnesses testified that defendant was first abused as a young child by her stepfather. They further explained that she suffered a miscarriage at 13 because her boyfriend physically abused her. Defendant became pregnant again at 15, but the child's father "beat on" her throughout the pregnancy and after the birth. Defendant also introduced several exhibits. One of the exhibits was a psychological assessment diagnosing defendant with chronic post-traumatic stress disorder.

¶ 6    The State asked the trial court to impose the 12-year cap agreed upon prior to sentencing. Defense counsel requested the statutory minimum of six years' imprisonment, stressing the years of physical, emotional, and sexual abuse defendant had suffered, as well as her mental illness. Ultimately, the trial court sentenced defendant to 12 years' imprisonment. The court stated the following with respect to the evidence defendant presented regarding the abuse she had suffered: "We've had quite a bit of testimony about the fact that [defendant] was abused by boyfriends, husbands, um—that sort of thing. I certainly don't think the fact that she was the victim of abuse in any way justifies or even explains the level of abuse she inflicted."

¶ 7        Defendant filed a timely motion to reconsider sentence. She argued her sentence was excessive considering her "history, character, and rehabilitative potential." Specifically, defendant asserted the court failed to consider, in relevant part, her social environment, which had exposed her to years of "physical domestic violence and sexual abuse." At the hearing on defendant's motion, defense counsel requested the court to reconsider its sentence based upon the years of domestic and sexual abuse defendant had suffered. In denying the motion, the court stated the following:

> "THE COURT: *** I did consider *** that she was the victim of physical and sexual abuse in the past. I also considered all the factors in aggravation and mitigation in the statute, and lastly I also considered the extent of the injuries to the victim who *** was a small child. I think—I thought at the *** time of the sentencing and I still think now that the sentence is proportional to all of those factors and to the facts of this case."

¶ 8        On November 7, 2019, defendant filed the instant petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). In relevant part, defendant alleged her sixth amendment rights, including her right to "have the assistance of counsel," were violated at her sentencing hearing. The majority of the allegations in her petition centered around the belief she was denied the opportunity to present evidence of her mental illness and the years of physical and sexual abuse she had suffered. One of the exhibits attached to her petition, which she labeled as her "Story/Hospital Report and Medical Records," included numerous medical records from 2000 to 2011. These records, in relevant part, showed that defendant suffered a miscarriage at age 13 as a result of abuse and was abused while pregnant at the age of 15.

¶ 9 In January 2020, the trial court entered a written order summarily dismissing defendant's petition. The court noted defendant had called multiple witnesses at her sentencing hearing to testify about the domestic violence she experienced, and her counsel had submitted a mental health evaluation. Thus, the trial court concluded, presenting the sentencing court with additional evidence concerning defendant's mental illness and history of abuse would not have changed the result of the proceeding, and any argument to the contrary was frivolous and patently without merit.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Defendant argues the trial court erred in summarily dismissing her postconviction petition because she presented the gist of a claim counsel was ineffective for failing to "investigate, obtain, and provide" the court with the medical records attached to her petition to corroborate her witnesses' testimony. Defendant contends this evidence would have allowed the court to properly consider the years of abuse she had suffered as a factor in mitigation and may have resulted in a more lenient sentence.

¶ 13 Initially, we note that although the State ultimately addresses the merits of defendant's argument at the end of its brief, it first argues we should affirm the trial court's judgment because defendant's petition was untimely, and it failed to provide sufficient detail to adequately raise a claim of ineffective assistance of counsel. However, because the timeliness of a postconviction petition is not a jurisdictional constraint on this court (see *People v. Boclair*, 202 Ill. 2d 89, 98, 789 N.E.2d 734, 739-40 (2002)), and because we are to liberally construe *pro se* petitions, "allowing borderline cases to proceed" (*People v. Hodges*, 234 Ill. 2d 1, 21, 912 N.E.2d 1204, 1214 (2009)), we choose to address defendant's argument on the merits.

¶ 14       The Act sets forth a three-stage procedure by which criminal defendants may assert their conviction or sentence resulted from a substantial denial of their constitutional rights. *Boclair*, 202 Ill. 2d at 99. At the first stage of proceedings, the defendant need only establish "the gist of a constitutional claim." (Internal quotation marks omitted.) *Id.* At this initial stage, the trial court must independently assess "whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief." *Id.* The court must dismiss the petition in a written order if it finds it to be frivolous or patently without merit. *Hodges*, 234 Ill. 2d at 10. A petition is frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *Id.* at 12. A petition has no arguable basis in law when it is based on a legal theory that is "completely contradicted by the record." *Id.* at 16.

¶ 15       Claims of ineffective assistance of counsel are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must demonstrate counsel's performance fell below an objective standard of reasonableness and the deficient performance resulted in prejudice to the defendant. *Id.* at 687-88. Prejudice is established by showing there is a reasonable probability that, but for counsel's deficient performance, "the result of the proceeding would have been different." *Id.* at 694. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 16       Here, we find defendant has failed to establish she was arguably prejudiced by counsel's failure to provide the sentencing court with the medical records attached to her petition. The information in the medical records was merely cumulative of the testimony the

court heard from defendant's witnesses. For example, two of the records indicate defendant sustained significant injuries prior to suffering a miscarriage at the age of 13, while two additional records detail injuries she sustained while she was pregnant at the age of 15. However, the court had already been privy to this information. Defendant's witnesses testified that she suffered a miscarriage at 13 as a result of abuse and that she was abused during her pregnancy at the age of 15. Moreover, the record is clear that neither the State nor the court questioned the credibility of defendant's witnesses or the veracity of the claims that she suffered years of abuse. Nor does it reflect the court "seemed to downplay the testimonies of defense witnesses" as claimed by defendant. To the contrary, in imposing its sentence, the court explicitly accepted the validity of the claims of abuse, as evinced by the following statement: "We've had quite a bit of testimony about the fact that [defendant] was abused by boyfriends, husbands, um—that sort of thing. I certainly don't think the fact that she was the victim of abuse in any way justifies or even explains the level of abuse she inflicted." Defendant points to no information in the medical records that was not presented to the court at her sentencing hearing. Any contention the court may have imposed a lesser sentence if presented with the records at issue is contradicted by the record and therefore lacks arguable merit. Accordingly, because defendant failed to arguably satisfy the prejudice prong of *Strickland*, we affirm the trial court's summary dismissal of her postconviction petition.

¶ 17                                III. CONCLUSION

¶ 18        For the reasons stated, we affirm the trial court's judgment.

¶ 19        Affirmed.